IDA K. BRYANT, *as Administratrix, etc.,* v. DANIEL STAIN-BROOK.

NOTE—*Action — Incompetent Evidence — Immaterial Error.* Where the original payee of a note brings an action thereon against the administratrix of the maker, he is incompetent to testify that he saw the maker sign it, when the execution of the same was a part of a trade between the maker and himself; but when the execution of the note is established fully by other and competent evidence the error in permitting the plaintiff to testify is not reversible.

*Error from Bourbon District Court.*

THE opinion states the case.

*John T. Little, S. T. Seaton,* and *Cox & Stratton,* for plaintiff in error.

*J. L. Denison,* and *James D. Snoddy,* for defendant in error.

Opinion by HOLT, C.: This action was commenced by
Daniel Stainbrook, defendant in error, presenting a note for
allowance against the estate of J. A. Bryant, deceased, in the
probate court of Neosho county.   It was first allowed as a
valid claim against the estate, but afterward, when Ida K.
Bryant, plaintiff in error, was appointed administratrix of
the estate, she made application for a rehearing, which was
granted, and upon such rehearing the note was rejected as a
valid claim by the probate court.    From that order Stainbrook
appealed to the district court, and subsequently a change of
venue was taken to the district court of Bourbon county, where
this case was tried by the court with a jury at the September
term, 1886, and judgment rendered for plaintiff, Daniel Stain-
brook, for $1,194.75 and costs.   A motion was made for a
new trial, which was overruled, and the defendant brings the
case here for review.

The trial was had upon the papers filed by Stainbrook in
the probate court; no pleadings were filed, nor any applica-
tion made for leave to file them.   This case therefore falls
within the decision of *Neil, Adm'x, v. Case & Co.*, 25 Kas.
510, and it became necessary to prove the execution of the
note, even though it was not denied under oath, as provided
by §108 of the civil code.   The note itself was not produced
in court, but there was ample proof of its loss, and secondary
evidence of its contents.   To prove its execution plaintiff was
allowed to testify that he saw Bryant sign his name to it; and
that only Bryant and his brother, who was a joint maker of
the note, and himself, were present; this testimony was ad-
mitted over the objection of defendant.   It was clearly error
to admit it.   Section 322 of the civil code provides:

"No party shall be allowed to testify in his own behalf, in
respect to any transaction or communication had personally
by such party with a deceased person, when the adverse party
is the executor, or administrator   .   .   .   of such deceased
person, where they have acquired title to the cause of action
immediately from such deceased person."

This statute has reference as much to any transaction had with a deceased person as it does to any communication received from him; surely the execution of this note was a transaction had personally with the deceased, and clearly falls within the prohibition of the statute. (*Auchampaugh v. Schmidt,* 72 Iowa, 656; *Samson v. Samson,* 67 id. 253; *Holcomb v. Holcomb,* 95 N. Y. 316.)

It appears from the record that the main contention of the defendants at the trial was that the note was barred by the statute of limitations, and proof of its execution, although necessary and essential, seemed to be subordinate to that question.   If the execution of the note had not been proved otherwise than by the introduction of this incompetent testimony the judgment would be reversed, but there is other testimony of its execution.   The administratrix herself, in the application for a rehearing in the probate court of Neosho county, set forth in her verified petition that this note " was executed to said Daniel Stainbrook by J. H. Bryant as principal, and the said Joseph Bryant, deceased, as surety for his said brother." This admission made by plaintiff, Ida K. Bryant, administratrix, during the progress of these proceedings concerning this identical note, was sufficient to establish the fact of its execution.   It is also in evidence that the Bryant brothers sold a horse to J. F. Stainbrook, son of plaintiff, and they told him to pay the money to his father and to tell him to make an indorsement of the amount upon the note he held against them.   Plaintiff testified that this note was the only one of theirs which he had.

While we hold that the admission of this incompetent testimony introduced for the purpose of establishing the execution of this note was error, it became immaterial when its execution was sufficiently proven by other and competent testimony.   This being the only error complained of, we recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.