## GERMAN INS. CO. OF FREEPORT, ILL., v. FREDERICK.

(Circuit Court of Appeals, Eighth Circuit. October 2, 1893.)

No. 267.

1. SERVICE OF PROCESS—MOTION TO QUASH—WAIVER.

Where, pending a motion, made on special appearance, to quash the summons, a new summons · is served, and defendant enters a general appearance, answers, and goes to trial, without invoking the action of the court on the motion, he thereby waives his right to insist on the same; so that it is immaterial that the right of action became barred after service of the first summons, and before service of the second, although defendant supposed that plaintiff intended to rely on the latter.

2. DEMURRER TO EVIDENCE—WAIVER—APPEAL.

The introduction of evidence by defendant, after his demurrer to plaintiff's evidence is overruled, is a waiver of his right to rely on that ruling as error.

3. JUDGMENT NON OBSTANTE VEREDICTO.

A judgment non obstante veredicto can be had only by the plaintiff, and a motion for such a judgment cannot be made by defendant unless the common-law rule has been relaxed by statute or decisions.

4. FIRE INSURANCE—PROOFS OF LOSS—WAIVER OF CONDITION.

A denial of all liability by an insurance company before the expiration of the time for making proofs of loss is a waiver of the condition requiring such proofs.

5. EVIDENCE—RELEVANCY—OFFER OF PAPERS.

When a voluminous record or document is offered in evidence, which upon its face has no relation to the cause on trial, and its introduction is objected to upon the ground that it is irrelevant, and the party offering it does not state to the court the object of its introduction or point out its relevancy, the obligation is not imposed on the court of examining such record and a mass of previous evidence for the purpose of ascertaining whether it is not relevant to prove some direct or collateral issue in the case.

6. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

The sufficiency of the evidence to sustain the verdict is not reviewable in federal appellate courts unless defendant ask a peremptory instruction for a verdict in his favor at the close of the whole evidence.

7. SAME—HARMLESS ERROR.

The exclusion of evidence offered to prove a fact which is admitted is not reversible error.

In Error to the Circuit Court of the United States for the District of Kansas. Affirmed.

H. M. Jackson, for plaintiff in error.

A. F. Martin, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This action was brought by Lucy Frederick, the defendant in error, against the German Insurance Company of Freeport, Ill., and a corporation of that state, on the 18th of November, 1884, in the district court of Brown county, Kan., and afterwards removed by the defendant to the circuit court of the United States for the district of Kansas, to recover

$1,147, and interest, upon a fire insurance policy issued by the defendant company to the plaintiff, insuring the plaintiff's dwelling house for $1,000, and household furniture for $200, against loss by fire.

In addition to a general denial, the answer set up the following defenses: (1) Failure to make proof of loss in the time and manner required by the policy; (2) the payment to the plaintiff of $58, for which sum the plaintiff executed a receipt in full satisfaction of the loss, and surrendered the policy sued on to the defendant, the answer averring that the receipt was executed and the policy "delivered by plaintiff upon a full explanation and statement to her of the claims of the defendant that said policy was null and void by reason of prior insurance upon plaintiff's said property which had not been disclosed or made known to this defendant at the time said policy so sued upon was issued;" (3) prior insurance in the Continental Insurance Company, without the knowledge or consent of the defendant; (4) that the action was barred by a provision of the policy to the effect that no suit should be maintained thereon unless commenced within six months after the loss occurred. There was a trial before a jury, and a verdict and judgment for the plaintiff, and the defendant sued out this writ of error.

There were two summonses issued in the case, and the defendant's contention is that the service of the first was defective, and that the second was not served until after the period of limitation prescribed by the policy had run. The only mode in which this question is saved and assigned for error is by an exception to the refusal of the court to give the following instruction to the jury:

"Such policy of defendant also contains the following clause: 'It is mutually agreed that no suit or action against this company upon this policy shall be sustainable in any court of law or equity unless commenced within six months after the loss or damage shall occur; and, if any suit or action shall be commenced after the expiration of said six months, the lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding.' And if the jury believe from the evidence that on July 19, 1884, the insured property was destroyed or injured by fire, and that on November 18, 1884, plaintiff, by her attorneys, filed her petition in the district court of Brown county, Kansas, and that on that day summons was issued by the clerk of said district court, directed to the sheriff of Shawnee county, Kansas, for service upon the state superintendent of insurance for the state of Kansas, and that said defendant appeared specially in said cause, and moved the court to quash and set aside the service of such summons, and said cause remained pending in said court, without any further or other appearance by said defendant, and without any order being made by said court upon such motion, until June 30, 1885, and that on said last-mentioned day the plaintiff caused another summons to be issued upon such petition against the defendant, and the defendant subsequently appeared therein, then said action must be deemed to have been commenced upon said June 30, 1885, and the verdict must be for the defendant."

The statute then in force in Kansas provided that an action should be deemed commenced at the date of the service of the summons on the defendant, with certain exceptions and qualifi-

cations not material to this case. The act relating to service of process on a foreign insurance company doing business in the state (1 Gen. St. Kan. 1889, p. 981, par. 3354) provided that such company "shall file in the insurance department its written consent * * * that actions may be commenced against such company * * * by the service of process on the superintendent of insurance;" and that "the summons shall be directed to the superintendent of insurance, and * * * be forthwith forwarded by the clerk of the court to the superintendent of insurance, who shall immediately forward a copy thereof to the secretary of the company sued, and another copy to the general agent of said company, if any such agent reside in this state; and thereupon said superintendent shall make return of said summons to the court whence it issued, showing the date of its receipt by him, the date of forwarding such copies, and the name and address of each person to whom he forwarded such copy." The summons issued by the clerk was directed to the sheriff of Shawnee county, and was served by that officer on the superintendent of insurance, who made this return thereon:

"State of Kansas, Insurance Department.

"I, R. B. Morris, superintendent of insurance of the state of Kansas, do hereby certify that I received the annexed copy of a summons in case of Lucy Frederick vs. The German Insurance Co. of Freeport, Illinois, said to be issued by the clerk of district court of Brown county, Kansas, second judicial district, dated the 18th day of Nov., 1884, on the 25th day of November, A. D. 1884, at 9 o'clock A. M., and that on the 25th day of November, A. D. 1884, I forwarded a duly certified copy of the same, by depositing it in the United States mails, postage paid, addressed as follows: 'Fred Gund, Sec'y German Insurance Co., Freeport, Illinois.' Said company has no general agent residing in this state. In witness whereof, I have hereunto set my hand and affixed my official seal, at the city of Topeka, this 25th day of Nov., A. D. 1884.

"R. B. Morris, Superintendent."

On the 19th day of January, 1885, the defendant appeared specially, and filed a motion "to quash and set aside the pretended service of summons," because the summons was directed to the sheriff, and not to the superintendent of insurance, and was served by the sheriff, when it should have been directed and forwarded to the superintendent of insurance by the clerk. The superintendent of insurance took no exceptions to the method of serving him with the summons, but made a return acknowledging service thereon, and showing that he forwarded, in due time and manner, a certified copy of the same to the defendant company, as required by law. The objection is not that the defendant did not receive the notice of the commencement of the suit, but that such notice did not bind it, because the summons was directed to the sheriff instead of to the superintendent of insurance. Another summons was issued and served June 30, 1885. On the 8th of September, 1885, the defendant appeared generally, and filed a "motion to make more definite and certain," and on the 17th of December, 1889, it filed its answer to the merits without reservation or qualification. At the time the motion for a more

specific statement was filed, and at the time the answer was filed, the motion to quash the service of the first summons had not been disposed of. There was a mistrial of the cause at the June term, 1889, and it was tried again in November, 1892, and it was during this last trial that the motion to quash the service of the summons was called up, and decided by the court adversely to the plaintiff in error. Seven years elapsed between the time the motion was filed and the judgment of the court invoked upon it, and during this time the defendant had answered to the merits, and the cause had been twice tried. Upon this state of the record we do not find it necessary to decide whether the motion to quash the summons was well founded or not. Assuming, but not deciding, that it was well founded, and conceding that the defendant had a right to make a special appearance to object to the jurisdiction of the court over its person without subjecting itself to such jurisdiction, it is apparent that upon the facts disclosed by the record the plaintiff in error cannot now avail itself of this objection. In some states the defendant may appear specially, and move to set aside the service of the summons upon him, without thereby subjecting himself to the jurisdiction of the court. "Nor," in the language of the supreme court, "is the objection waived when, being urged, it is overruled, and the defendant compelled to answer." Harkness v. Hyde, 98 U. S. 476. But the rule is uniform that a defendant desirous of challenging the sufficiency of the service upon him must do so at the threshold, and appear for that purpose alone, and that, if he appears to the case for any other purpose before such motion is disposed of, he thereby waives the benefit of it. Construction Co. v. Fitzgerald, 137 U. S. 98, 11 Sup. Ct. Rep. 36; Meixell v. Kirkpatrick, 29 Kan. 679, and note. Upon the facts of this case it is clear that the defendant's motion to quash the service was waived. It is no answer to say that the defendant supposed the plaintiff intended to rely upon the second summons, which, it is claimed by the defendant, was served more than six months after the loss occurred. If the defendant expected or desired to take any benefit from its motion to quash the service. it should have invoked the judgment of the court upon it in proper season. Not having done so, it has lost all benefit from it. The fifth request of the defendant was therefore rightly refused.

At the close of the plaintiff's evidence the defendant filed a demurrer thereto, which was overruled, and this ruling is assigned for error. After the demurrer was overruled, the defendant proceeded to introduce its evidence in defense. It is a well-settled rule that if, after a demurrer to the evidence is overruled, the party offers evidence in his own behalf, he thereby waives all objection to the decision of the court overruling his demurrer. Joliet Steel Co. v. Shields, 134 Ill. 209, 25 N. E. Rep. 569; Elliott, App. Proc. §§ 685, 686. The rule is the same where the defendant, instead of demurring to the evidence, moves for a peremptory instruction to the jury to render the verdict in his favor. If, after such request is denied. the defendant introduces his evidence, he

thereby waives any objection to the ruling of the court denying the request. Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. Rep. 591; Village of Alexandria v. Stabler, 1 C. C. A. 616, 50 Fed. Rep. 689.

After the jury had rendered their verdict, the defendant filed a "motion for judgment in favor of the defendant notwithstanding the verdict," which motion was overruled, and this ruling is assigned for error. But a judgment non obstante veredicto is a judgment in favor of the plaintiff, notwithstanding the verdict for the defendant, and can only be given upon a motion made by the plaintiff. Steph. Pl. [98]; 2 Bouv. Law Dict. tit. "Judgment;" Freem. Judgm. § 7; Amer. & Eng. Enc. Law, tit. "Judgment;" 1 Black, Judgm. § 16. This well-settled common-law rule has been relaxed in some of the states; but we are cited to no statute or decision changing it in Kansas, and, if a defendant can make the motion in that state, there is nothing in the record in this case to found it upon.

A large part of the brief of counsel for plaintiff in error is taken up with quotations from the testimony, and an argument thereon, intended to show that the policy and the receipt acknowledging satisfaction thereof were obtained from the plaintiff fairly, and not by the fraud, deceit, falsehood, and threats of its agents, as claimed by the plaintiff. This was a question of fact which it was the province of the jury to decide. It was fairly submitted to them by the court, and we have no power on this record to inquire into the sufficiency of the evidence to support their finding. If the defendant below desired to test, on writ of error in this court, the sufficiency of the evidence to sustain the verdict, it should have asked, at the close of the whole evidence, a peremptory instruction for a verdict in its behalf. Not having done so, this court cannot consider the evidence with a view of determining whether it was sufficient to warrant a verdict for the plaintiff. Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. Rep. 591; Insurance Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. Rep. 671; Village of Alexandria v. Stabler, 1 C. C. A. 616, 50 Fed. Rep. 689.

The 6th, 7th, 8th, and 9th requests of the defendant, in so far as they state the law applicable to the validity of the settlement, are covered by the charge in chief.

It is too well settled to require a citation of authorities, that if an insurance company refuses to pay a loss and denies its liability, upon the ground that the policy is not in force, before the expiration of the time in which proofs of loss are to be made according to the terms of the policy, such refusal and denial constitute a waiver of the condition of the policy requiring such proofs. Immediately after the fire the defendant denied its liability in toto, and the jury have found that it soon thereafter procured the possession and cancellation of the policy by fraudulent means, which decision and finding, as before shown, we are not at liberty to review. The exception, therefore, to the charge of the court, and the exception to the refusal of the court to give defendant's fourth request on this subject, are overruled.

The third specification of error reads as follows:

"The court erred in rejecting evidence offered by plaintiff in error, to wit, the proofs of loss made out, signed, and sworn to by defendant in error, being a claim made under oath against the Continental Insurance Company for insurance, commencing March 13, 1883, expiring March 13, 1888, upon the same property described in the petition in this case, and which proofs of loss were in the usual and common form, and containing, among other things, the following statement: 'In schedule of additional insurance, give the name of each company, date and expiration of policy, rate of premium, and the entire written portions of each policy, and all indorsements, assignments, or transfers thereon. (11) That, in addition to the amount covered by said policy, there was other insurance to the amount of none dollars, as follows:

$——— in ———— Insurance Co. of ———.
$———
$———

—The written portion of several policies issued by said companies being shown in Schedule A, hereunto annexed, besides which there was no policy or contract of insurance.' "

It is obvious from the contents of this specification of error that the only portion of the paper styled "proofs of loss" which the defendant desired to make use of as evidence was that portion copied into the exception, concerning which it is only necessary to say that it was irrelevant, and had no bearing on any issue in the case. When this paper, which comprises more than seven pages of the record, printed in very small type, was offered in evidence, the defendant did not, when its introduction was objected to, state to the court the object or purpose of its introduction, or point out its relevancy or materiality to any issue in the case. Under these circumstances it was not the duty of the court to explore this voluminous document to ascertain whether it might not be competent evidence for some purpose. A mere offer to introduce a voluminous record in evidence, which upon its face has no relation to the cause on trial, does not impose on the court the obligation of examining such record and a mass of previous evidence, for the purpose of ascertaining whether such record, or some part of it, is not relevant and competent to prove some direct or collateral issue in the case. Over v. Schiffling, 102 Ind. 191, 26 N. E. Rep. 91; Railroad Co. v. Smith, 21 Wall. 255. Good faith to the court and the opposing party requires, when the admission of the document is objected to and its competency is not apparent, that the party offering it shall state the purpose for which it is offered; and when its introduction is claimed in the lower court for a purpose for which it is incompetent, and it is for that reason rightly excluded by that court, the party will not be permitted to change his ground in the appellate court, and insist that the lower court erred in not admitting it for a purpose not disclosed to that court, and upon which its judgment was not invoked. If such a practice were permissible, it would be an easy matter for every party to lay the foundation for a reversal by stating to the lower court that the evidence was wanted for a purpose for which it was clearly incompetent, and afterwards showing in the appellate court that there was a purpose for which it was competent and material. A party cannot am-

bush the court and his adversary in any such way. It is impossible for this court to do more than conjecture the object for which this record was offered; but we think we are bound to conclude that the only part of the paper that the defendant proposed to make use of as evidence is that portion copied into the assignment of error, and which was clearly irrelevant to any issue in the case.

The bill of exceptions states that "counsel for defendant here offered in evidence certain papers, which he stated were a copy of the petition in the case of Lucy Frederick v. The Continental Insurance Company, with a copy of policy attached, for the purpose of showing the amount of insurance in the Continental Company." The court sustained an objection to the introduction of this evidence, and that ruling is assigned for error. The offer to introduce this record is free from the objection that we have just been considering, for it was accompanied by the statement of counsel that it was offered "for the purpose of showing the amount of insurance in the Continental Company." The benefit and necessity of the rule which requires that the offer to introduce evidence should, as a general rule, be accompanied by a statement of the purpose of such evidence, which will show its materiality and relevancy to some issue in the case, is shown by the exception we are now considering. We are not left to conjecture as to the purpose for which this record was offered. We have only to inquire whether the refusal to admit the record for the purpose for which it was offered was a harmful error; and plainly it was not. The answer set up the prior insurance in the Continental Insurance Company as a defense, and the plaintiff's reply admitted such prior insurance, but alleged the defendant had full notice of the same before it issued its policy to the plaintiff. The issue that was made by the pleadings, and that was tried, was not whether there was prior insurance, or the amount of it, but whether the defendant had notice of such prior insurance. The court called the attention of the jury to the defense based on this prior insurance, and correctly instructed them as to the law applicable thereto, and, moreover, directed them to credit the defendant with $400 which the plaintiff admitted she received from the Continental Company in a compromise of the policy issued by that company. Furthermore, in the brief of counsel for the plaintiff in error, it is said: "Such prior insurance and settlement were admitted." It was not proposed to prove that such prior insurance had been paid, and therefore the amount of that policy beyond the $400 admittedly paid thereon was immaterial. It is clear, therefore, that the defendant was not prejudiced by the refusal of the court to admit the record in evidence for the purpose stated, and that the only effect of its admission would have been to needlessly incumber the record. To render an exception to the admission or rejection of evidence available in this court it must affirmatively appear, not only that the ruling excepted to was erroneous, but that it affected, or might have affected, the decision of the case. A case will not

be reversed for the admission or rejection of evidence that could have no effect upon the judgment. Railroad Co. v. Smith, supra; Bryant v. Stainbrook, 40 Kan. 356, 19 Pac. Rep. 917.

Finding no error in the record, the judgment of the circuit court is affirmed.