**RAMMING REAL ESTATE CO. v.
UNITED STATES.**

No. 11999.

Circuit Court of Appeals, Eighth Circuit.

Oct. 13, 1941.

Rehearing Denied Oct. 30, 1941.

Richmond C. Coburn, of St. Louis, Mo. (Ronald J. Foulis and Thomas L. Croft, both of St. Louis, Mo., on the brief), for appellant.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (J. Edward Williams, Acting Head, Lands Division, Charles R. Denny, Atty., Department of Justice, and Jacob N. Wasserman, Atty., Department of Justice, all of Washington, D. C., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is a proceeding in condemnation brought by the United States for the purpose of condemning certain real estate belonging to Ramming Real Estate Company by virtue of the Historic Sites Act, 16 U. S.C.A. § 461 et seq. The proceeding was commenced on August 25, 1937. It will be convenient to refer to the parties as they appeared below, the United States being plaintiff and the Ramming Real Estate Company being defendant.

On June 19, 1939, plaintiff filed a declaration of taking, pursuant to federal statute, Title 40 U.S.C.A. § 258a, and in connection therewith paid into the registry of the lower court the sum of $19,079, as the sum of money estimated to be just compensation for the land taken. Both parties filed exceptions to the Commissioner's report, and on December 11, 1940, a jury was impaneled for the purpose of determining the value of the property taken. The jury returned a verdict, fixing the value at $15,-000. Judgment was entered on this verdict, and this appeal is prosecuted by the defendant. In seeking reversal, defendant contends that the court erred (1) in sustaining objections to its offer in evidence of the declaration of taking filed by the United States; (2) in unduly limiting its right of cross-examination of one of the Government's witnesses for the purpose of showing that rentals on the property had increased from the time the building thereon was built; (3) in permitting testimony offered by the Government as to sales of similar properties; and it further contends (4) that the verdict was grossly inadequate.

The defendant assumed the burden of proof as to the only issue submitted to the jury, that of the value of the property taken, and in its evidence in chief it offered the written declaration of taking, in which was embodied a statement of the sum of money estimated by the acquiring authority to be just compensation for the land taken. This was offered "for two purposes: First, to show when the taking occurred, the date of the taking. Secondly, judicial admission on the part of the Government as to the estimated value that it placed on this property on the day of the taking." Counsel for the Government stated that he had no objection to the offer for the purpose of showing the date of taking, but objected to the offer as a "judicial admission on the part of the Government." The objection refers to the offer as a "binding admission on the Government on the very question which is being tried by the jury." The court, in sustaining the objection, expressed the view that it did not believe the Government was to be bound by the admission.

Although the offer was made for the specific and limited purpose of showing a judicial admission on the part of the Government, it is now argued that it was admissible as a statement made by a party to the action. It is also urged that if it were not a judicial admission, it was a quasi-judicial admission, and hence, admissible. Where a litigant seeks a reversal upon a ruling of the court rejecting evidence offered for a specific purpose, he can not in the appellate tribunal change the nature of the limitation of his offer, nor the ground or theory upon which he asked the lower court to admit the testimony. The general rule, subject to certain exceptions not here material, is that the appellate court will consider only such questions as were raised

and preserved in the lower court. This rule is one of necessity in the orderly administration of law and in fairness to the court and the opposite party. Having limited the offer to a specific purpose, other grounds of possible admissibility were waived. German Insurance Co. v. Frederick, 8 Cir., 58 F. 144; Minnich v. Gardner et al., 292 U.S. 48, at 53, 54 S.Ct. 567, 78 L.Ed. 1116; Young v. Masci, 289 U.S. 253, at 261, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170. It is well settled that the theory upon which the case was tried in the court below must be adhered to on appeal. In German Insurance Co. v. Frederick, supra [58 F. 149], it is said: "Good faith to the court and the opposing party requires, when the admission of the document is objected to and its competency is not apparent, that the party offering it shall state the purpose for which it is offered; and when its introduction is claimed in the lower court for a purpose for which it is incompetent, and it is for that reason rightly excluded by that court, the party will not be permitted to change his ground in the appellate court, and insist that the lower court erred in not admitting it for a purpose not disclosed to that court, and upon which its judgment was not invoked."

■ It is now conceded that the declaration was not a "judicial admission." The offer being limited to prove such an admission, the court committed no error in excluding it.

The defendant offered in evidence leases executed in 1921 and 1930 for the purpose of showing the rental value of the property. The court excluded the lease executed in 1921, but admitted the lease executed in 1930. The rejection of the 1921 lease was on the ground that it was too remote. Incidentally, it may be observed that the rental stipulated in the 1921 lease was $150 per month, whereas the rental stipulated in the 1930 lease was $350 per month.

The witness Nelson Cunliff testified on behalf of the Government after plaintiff had produced its evidence in chief. On direct examination he testified that as a result of the decline of traffic on the Mississippi River, the area including defendant's property had for a number of years been gradually deteriorating. On cross-examination, he was asked whether he was familiar with the rental history of the condemned property. The witness answered that he was not. Thereupon counsel asked the witness whether he knew that the building rented for $125 per month in 1912 and whether he knew that in 1919 the rental was $150 per month. To these inquiries the Government objected on the ground that it was too remote, and that the witness had said that he did not go back as far as the dates inquired of. Counsel then stated that he wished to pursue his line of inquiry in detail from 1920 to 1921. The witness having already stated that he did not know what rentals were received during the years inquired of, even if the dates were not too remote the question could have enlisted only a negative answer. The witness was fully and skilfully cross-examined by counsel. The witness had not been interrogated in chief as to the dates inquired of on cross-examination, and the court had already held during plaintiff's testimony in chief that these dates were too remote in time.

■ Apparently, counsel was attempting to get in evidence from this witness testimony which had already been excluded. It is urged that the testimony shown by these transactions was for impeachment purposes, but as the witness had already testified that he did not know what the rental history was during the times inquired of, certainly the question was not proper on the ground that it was for the purpose of impeaching the witness. We think there was no error in the court's ruling in this regard.

■ It is urged that the court erred in permitting this same witness to testify on redirect examination as to the sales value of two pieces of property which he stated were comparable to the property in suit. It is argued that there was no proof to show similarity between the properties. The matter of similarity of properties which are to be compared, is a matter for the discretion of the trial court, and his determination will not ordinarily be disturbed if there is any substantial evidence to support it. Kansas City & G. Ry. Co. v. Haake, 331 Mo. 429, 53 S.W.2d 891, 84 A.L.R. 1477. This witness had given his opinion as to the value of the property condemned. He had been cross-examined in great detail, and explained what he did by way of an investigation into the value of the property. This study included an examination of the physical properties, the consideration of the location, the surroundings and how it was served, and the rental value of this property and other properties in that vicinity. On cross-examination, the witness testified, among other things: "We analyzed what

other buildings of a similar type, kind, area contents, were being sold at over the area." It was on redirect examination that he was asked with reference to the recent sales of similar property, and the witness stated that the sales prices of the two pieces of property to which he testified were taken into consideration by him in arriving at the fair market value of the property in controversy.

The range of inquiry, especially in cases of this character where the question at issue is the value of the property, is to a considerable extent in the discretion of the trial court. Any dissimilarity went to the weight of the testimony, rather than to its admissibility. The record quite fully reflects the character of the properties and their locations with reference to the property condemned in this case.

It is also urged that the testimony with reference to these sales was improper because based upon an examination of the recorded deeds and not upon the personal knowledge of the witness. It is true that the consideration inserted in a conveyance is often not the true consideration; in fact, the consideration inserted in any instrument is usually open to inquiry and may be varied or contradicted by oral testimony. It is to be observed, however, that the witness' testimony was not based solely on the recitals of consideration contained in the deeds. He also took into consideration the revenue stamps which were affixed to the deeds. These were attached pursuant to federal statute, the violation of which is made a crime. With this sanction, we think the amount of revenue stamps attached to the deeds may be said to have been a reliable source of information as to the amount of the consideration paid for the property described therein. Here, again, the argument is one that may well have been addressed to the jury as affecting the weight of the testimony, rather than going to its admissibility. We think there was no abuse of discretion in admitting this testimony which the witness said he had taken into consideration in arriving at the fair market value of the property in controversy.

It is finally urged that the verdict was grossly inadequate and was opposed to the weight of the evidence. Four expert witnesses called by the Government valued the property respectively at $8,250, $7,500, $9,000, and $8,500. Three witnesses called by the defendant fixed the value of the property respectively at $30,000, $27,750, and $28,750. The verdict of the jury was for $15,000. It can not, therefore, be said that the verdict was not based upon substantial evidence. In the national courts, verdicts are conclusive of the facts and can not be set aside on appeal as being against the weight of the evidence. The remedy in such a case is by motion for a new trial in the trial court. Kroger Grocery & Baking Co. v. Yount, 8 Cir., 66 F.2d 700, 92 A.L.R. 1166; Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Canal Const. Co. v. Henson, 8 Cir., 280 F. 98.

Being of the view that the record discloses no prejudicial error, the judgment appealed from is affirmed.