**CONTAINER PATENTS CORPORATION**
**v. STANT et al.**

No. 8467.

Circuit Court of Appeals, Seventh Circuit.

June 10, 1944.

Rehearing Denied July 18, 1944.

Harold B. Hood, of Indianapolis, Ind. (Arthur M. Hood, of Indianapolis, Ind., of counsel), for appellants.

Ralph G. Lockwood and Elmer L. Goldsmith, both of Indianapolis, and James C. Ledbetter and Herman Kahn, both of New York City, and Lockwood, Goldsmith & Galt, of Indianapolis, Ind., for appellee.

Before EVANS, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellee sued the defendants-appellants to recover royalties under a patent license contract. The validity and the ownership of the patent are not questioned. Neither is this a question of infringement. It is an ordinary suit to recover royalties under a license contract. The jurisdiction of this Court is based upon diversity of citizenship.

The question presented here is whether or not the defendants used the plaintiff's patent and, if so, what royalties were due. The District Court made findings of fact and determined in its conclusions of law that the defendants were accountable to the plaintiff for unpaid royalties. The matter was referred to a master who concluded that the defendants had failed to pay royalties in the sum of $21,479.79, plus interest. The court approved the master's report and entered judgment for the plaintiff in the sum of $29,816.08. From this judgment, the defendants gave notice of appeal.

The sufficiency of the pleadings was not challenged. The fairness of the trial was not questioned. There were no exceptions to the court's findings of fact or its conclusions of law. In fact, no points at all were saved below. The only question that comes to us is whatever a notice of appeal presents where the judgment rests upon findings of fact sufficient to support it.

As to jurisdiction, the trial court found that diversity of citizenship existed between the parties, and as to the license agreement it found the following facts: The Stant Manufacturing Company, a corporation in which the defendant Kyle E. Stant and his brother own a controlling interest, has from 1923 up to the present time been actively engaged in the manufacture and sale of automobile radiator caps. The Ryan Sales and Engineering Company of Detroit was the corporation's sales representative until 1934 and the defendant Kyle E. Stant operated out of that office. On February 1, 1927, the defendant Kyle E. Stant and the plaintiff entered into a license agreement which gave the defendant Kyle E. Stant or his agents an exclusive license to employ and embody the mechanical devices of Patent No. 1,-469,567 in the manufacture of radiator caps. The contract provided for a minimum royalty of $150 per year and 15¢ for each 100 caps in excess of 100,000 manufactured and sold per year which embodied features of the patent.

Beginning with the year 1928 Kyle E. Stant reported the number of "caps furnished" each year under the license. The only caps reported and upon which royalties were paid, however, were hinged radiator caps. No report or payment of royalties was made for the non-hinged radiator caps, which Stant also manufactured. Thus, earned royalties in addition to the minimum royalty were paid only in the years 1930 and 1931, since the innovation of placing radiator caps under the hoods of automobiles removed the need of a hinged cap.

The patent supporting the license agreement was surrendered upon the granting of a reissue (No. 21,229) October 3, 1939, but the licensee continued the license under the reissue patent, paying the minimum royalty due.

The court further found that neither the patent nor the reissue was ambiguous, each defining a cap structure or sealing method for a container having an opening which may comprise an automobile radiator. The device or feature of the licensed cap referred to by the licensee in his correspondence with the licensor as a "diaphragm for radiator caps," the "Whiting spring disk," or a "brass tension disk mounted in filler caps," is present in the non-hinged caps as well as in the hinged caps, although only on the latter did the licensee place a license patent notice or pay royalties. The court found that the prior art does not lend itself to a construction of the license or patent such as to distinguish between a hinged and a non-hinged cap, and a consideration of the prior art shows that the defendants did not follow it but embodied their own inventions and ideas in the "mechanical sealing method" of the licensed patent. The court found that the license agreement extended to and included non-hinged radiator caps embodying a resilient inner cover, disk or diaphragm.

The court further found from the evidence conduct and acts of the defendants establishing a privity of relationship and an inseparable joint engagement in the business of manufacturing and selling radiator caps under the terms of the license agreement. Thus it will be seen that the trial court found all of the essential facts in favor of the plaintiff. It was not argued here that these findings were unsupported by substantial evidence, and our examination of the record discloses an abundance of evidence to support them.

The defendants seek to avoid their liability by claiming that they were licensed to manufacture only an unpatented element of the patent combination and that this element was unpatentable, being with-

172

in the prior art. They argue that the plaintiff's attempt to collect royalties on the manufacture of these caps is an inequitable effort to extend the monopoly of the patent to unpatented articles, within the rule of Carbice Corporation of America v. American Patents Development Corporation, 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819, and Mercoid Corporation v. Mid-Continent Investment Co., 320 U.S. 661, 64 S. Ct. 268, 88 L.Ed. ——.

■ As to this defense, it is sufficient to say that it was not presented to the court below and it cannot be presented here for the first time. New York Life Ins. Co. v. Calhoun, 8 Cir., 114 F.2d 526, 543; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892; Hutchinson v. Fidelity Investment Association, 4 Cir., 106 F.2d 431, 436, 133 A.L.R. 1061; Towle v. Pullen, 7 Cir., 238 F. 107, 111. The only places in the record where the point is mentioned are the opening statement of counsel, the objections to the master's report (which could not have considered the issue at all), and the statement of point to be urged on appeal. None of these references seems to us to have adequately presented the issue to the trial court. But even assuming that this question had been presented to the trial court, the absence of any findings by the court thereon is equivalent to a finding against the defendants, whose burden it was to sustain this proposition. The contract itself is not capable of a construction that the right to manufacture only one element of the patented combination was granted to the defendants by the plaintiff. The construction which the defendants themselves put upon the contract recognized that in the manufacture of hinged radiator caps they were using the plaintiff's patent, and they paid royalties for that privilege. If the defendants were liable under the license contract to pay royalties for the manufacture of hinged radiator caps, they were also liable for the manufacture of non-hinged radiator caps, since the trial court expressly found that the license agreement extended to and included non-hinged radiator caps. So, if the question could be raised here, the unchallenged findings of the trial court are against the defendants and such findings are supported by substantial evidence in the record.

There is no error in this record and the judgment of the District Court is affirmed.