## SCHIOLER v. SECRETARY OF STATE OF UNITED STATES.

### No. 9632.

United States Court of Appeals
Seventh Circuit.

May 19, 1949.

Otto Kerner, Jr., U. S. Atty., John P. Lulinski, Asst. U. S. Atty., Maurice C. Handelman, Asst. U. S. Atty., Dewey G. Hutchinson, U. S. Naturalization Examiner, Chicago, Ill., for appellant.

Sarah S. Rogers, Donald D. Rogers, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and MINTON and DUFFY, Circuit Judges.

MINTON, Circuit Judge.

The plaintiff-appellee filed a petition for a declaratory judgment that she is a citizen of the United States. The Secretary of State appeared and in answer alleged that the plaintiff lost her American citizenship, pursuant to 8 U.S.C.A. § 801, the pertinent provisions of which are set forth in the margin,[1] by virtue of her naturalization in Denmark as a Danish citizen.

The cause was tried by the court which heard the plaintiff as the only witness, and after considering all the evidence in the case, made findings of fact and stated its

---

[1] "Sec. 801. General means of losing United States nationality.

"A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

"(a) Obtaining naturalization in a foreign state, either upon his own application or through the naturalization of a parent having legal custody of such person * * *."

conclusions of law thereon. The District Court found that the plaintiff was born in Chicago, Illinois, on December 23, 1888, and resided in that city until 1931, when she, her husband, and their two children went to Denmark; that the plaintiff's husband made an application for himself and his family for Danish citizenship; that in 1946 the plaintiff applied to the American Consul for a passport to the United States and was refused because she had become a Danish citizen; and that the plaintiff came to the United States on a Danish passport, then applied to the Secretary of State for a United States passport, and was refused because the Danish passport was outstanding. The District Court concluded that the plaintiff was a citizen of the United States. and pronounced judgment accordingly. From this judgment the Secretary of State has appealed.

There is no finding that Denmark ever granted naturalization to the plaintiff upon her application or any other application. According to Sec. 801, the plaintiff could have lost her American citizenship only if she had obtained naturalization in Denmark upon her own application. The burden was therefore upon the Secretary to substantiate the allegations contained in his answer that the plaintiff had forfeited her citizenship by being naturalized in Denmark. The court made no findings sustaining these allegations, and a failure of the court to make such a finding, which the Secretary had to obtain in order to forfeit the citizenship of a native-born citizen, was a finding against the Secretary, who had the burden of establishing this essential fact. Container Patents Corporation v. Stant, 7 Cir., 143 F.2d 170; Walling v. Plymouth Mfg. Corporation, 7 Cir., 139 F.2d 178; United States v. Harris, 7. Cir., 77 F. 821; Daube v. Philalelphia & R. Coal & Iron Co., 7 Cir., 77 F. 713. We cannot supply findings here. Kelley v. Everglades Drainage District, 319 U.S. 415, 63 S.Ct. 1141, 87 L.Ed. 1485; Ward v. Cochran, 150 U.S. 597, 608, 14 S.Ct. 230, 37 L.Ed. 1195; Hubshman v. Louis Keer Shoe Co., 7 Cir., 129 F.2d 137. The finding of the court therefore is that the plaintiff was born in Chicago, Illinois, December 23, 1888, and its conclusion thereon was that she was and is a citizen of the United States. The finding sustains the conclusion of law and the conclusion of law supports the judgment that the plaintiff is a citizen of the United States. U.S.Const. Amend. XIV, § 1; 8 U.S.C.A. § 601(a).

No request was made upon the District Court to find that the plaintiff was naturalized in Denmark upon her application, whether made by her individually or upon application made by her husband in her behalf which she had duly authorized. Without such a finding, she did not lose her citizenship under Sec. 801, as contended by the Secretary. The Secretary's contention could not be upheld without this essential finding.

There is a finding that application was made for her by her husband, but there is no finding that the application was ever acted upon by the Government of Denmark. If the Government of Denmark never acted upon the application of the plaintiff, and there is no finding that it did, then she was never naturalized by the Government of Denmark, and she is still a citizen of the United States.

The Secretary of State challenges findings 3, 4, and 9 as not supported by the evidence. These findings are as follows:

"(3) That in the month of July, 1942, the Petitioner's husband, Paul Schioler, an American citizen by birth, was advised and urged by the police of Denmark to apply for Danish citizenship for the preservation and safety of the lives of the Petitioner and the Petitioner's children herein, because of the gravity of danger from the Germans.

"(4) That subsequently, Petitioner's husband made an application for himself and his family for Danish citizenship.

\* \* \* \* \* \*

"(9) That your Petitioner, in fear of her own safety and that of her children, joined in an application with her husband for Danish citizenship on behalf of her husband and their children."

If we sustained the Secretary's contention, this would not help him any as the critical, essential finding that the Danish Government acted upon the petition of the

plaintiff and granted her naturalization as a Danish citizen was not made. Neither would it take away nor affect the finding of the court that the plaintiff was born in Chicago, Illinois, nor would it affect the court's conclusion that she was a citizen of the United States.

There was no error in the court's judgment, and it is affirmed.