977 F.2d 573
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
R.I.S.E., INCORPORATED, a/k/a Residents Involved in Saving
the Environment; Second Mount Olive Baptist Church;
Matthew Williams; Marvin Jordan; Carnell Dabney; Donnie
Sears; Doris Morris; Winifred Beldon; Piedmont Farms,
Plaintiffs-Appellants,
v.
Robert A. KAY, Jr.; Robert H. Bourne, Jr.; Raymond F.
Alsop; Wilbur L. Hickman; James Walton,
Defendants-Appellees,
and
BROWNING-FERRIS INDUSTRIES of South Atlantic, a/k/a BFI
Waste Systems, Defendant.
 No. 91-2144.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 3, 1992
Decided: October 15, 1992
 
 1
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 
 
 2
 Argued: Sa'ad El-Amin, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellants.
 
 
 3
 Jonathan Steven Geldzahler, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Virginia, for Appellees.
 
 
 4
 On Brief: Beverly D. Crawford, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellants.
 
 
 5
 John G. Douglass, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, Virginia, for Appellees.
 
 
 6
 E.D.Va.
 
 
 7
 AFFIRMED.
 
 
 8
 Before SPROUSE, Circuit Judge, KISER, United States District Judge for the Western District of Virginia, sitting by designation, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.
 
 KISER, District Judge:
 
 9
 Plaintiffs brought suit to challenge the siting of a landfill in King & Queen County, Virginia ("the County"). Following a trial without a jury on a claim based on the Equal Protection Clause of the Fourteenth Amendment, the trial court found that the facts proven by the plaintiffs were insufficient and granted judgment in favor of the defendants. See R.I.S.E., Inc. v. Kay, 768 F. Supp. 1144 (E.D. Va. 1991). The plaintiffs' appeal contends that the trial court's findings of fact are clearly erroneous and that it erred in its application of the law to the facts. After reviewing the record, we find that the appeal is without merit and affirm the trial court.
 
 
 10
 * The standard of review under these circumstances is clear. A district court's findings of fact may not be set aside unless they are clearly erroneous. Fed. R. Civ. P. 52(a). As we stated in Faulconer v. Commissioner, 748 F.2d 890, 895 (4th Cir. 1984): "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." In Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985), rev'g 717 F.2d 149 (4th Cir. 1983), the Supreme Court stated the standard as follows: "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Even greater deference is due to the district court's credibility determinations. Id. at 575.
 
 II
 
 11
 As the trial court has already detailed the facts of this case in fortyfive paragraphs, R.I.S.E., 768 F. Supp. at 1145-49, only a brief background is necessary here before examining the particular claims of the appellants. The appellants are R.I.S.E., Inc., (Residents Involved in Saving the Environment), a bi-racial community organization formed to halt development of the proposed landfill; Second Mt. Olive Baptist Church, a black congregation that is located near the proposed landfill; and several individuals who are R.I.S.E. members and own real property near the proposed landfill. The appellees are individuals who were members of the Board of Supervisors of King and Queen County ("the Board") during the relevant period and Browning-Ferris Industries of South Atlantic, designated by the Board as the operator of the proposed landfill.
 
 
 12
 The appellants filed suit on December 26, 1990, alleging an adverse impact on blacks in the siting of the landfill in violation of the Equal Protection Clause of the Fourteenth Amendment, a conspiracy to deny blacks equal protection of their rights under the County's zoning ordinance, the Board's failure to comply with the Virginia Public Procurement Act, and arbitrary and capricious action by the Board in violation of the Due Process Clause of the Fourteenth Amendment. The district court granted summary judgment in the defendants' favor on each claim except for the claim under the Equal Protection Clause. See R.I.S.E., Inc. v. Kay, 768 F. Supp . 1141 (E.D. Va. 1991).
 
 
 13
 No party has contested that the district court applied the correct law to the facts presented at trial. As noted by the district court, the test set out in Village of Arlington Heights v . Metropolitan Housing Development Corp., 429 U.S. 252, 266-68 (1977), identifies a series of factors to consider in determining if an action was motivated by intentional race discrimination: 1) the effect of the official action; 2) the historical background of the decision; 3) the specific sequence of events leading up to the challenged decision; 4) departures from normal procedures; 5) departures from normal substantive criteria; and 6) the administrative history of the decision. Although the district court found that the placement of landfills in the County since 1969 has had a disproportionate impact on black residents, it also found that the plaintiffs failed to present sufficient evidence of the intentional discrimination that is necessary to show a violation of the Equal Protection Clause. See R.I.S.E., 768 F. Supp. at 1149 .
 
 III
 
 14
 The appellants do not contest the trial court's findings of fact so much as they contend that evidence that they presented are "omissions," Appellants' Brief at 25, from the findings. Such is not the case. An appellate court can properly regard facts not adopted by the trial court in its findings as not proved by the party bearing the burden of proof. See China Union Lines, Ltd. v. A.O. Andersen & Co., 364 F.2d 769, 790 (5th Cir. 1966), cert. denied, 386 U.S. 933 (1967); Container Patents Corp. v. Stant, 143 F.2d 170, 172 (7th Cir.), cert. denied, 323 U.S. 734 (1944); 35B C.J.S. Federal Civil Procedure § 1056 (1960). Therefore, we can consider these "omissions" as though the district court made an explicit finding against the appellant on each of the contested points. In the alternative, we can also construe the absence of a finding of fact as indicating that the trial court did not consider the fact relevant or material to the outcome of the case. See, e.g., Washington v. Patlis, 916 F.2d 1036, 1037 (5th Cir. 1990); Makuc v. American Honda Motor Co., 835 F.2d 389, 394 (1st Cir. 1987).
 
 
 15
 Appellants assert five omissions of fact by the district court: 1) that the Board acted in secrecy in negotiating for the purchase of the real property for the landfill; 2) that the Board failed to inform two new black supervisors of prior negotiations with the owner of the landfill property, the Chesapeake Corporation; 3) that the Board failed to include the word "regional" in its minutes when describing the landfill; 4) that the Board failed to comply with the zoning law in rezoning the property for landfill use; 5) that County personnel made remarks and took actions evidencing racial animus. Appellants assert that these facts are relevant to demonstrate departures from normal procedure and criteria as well as direct evidence of a racial intent in the actions of the Board.
 
 
 16
 Concerning the first issue, Mr. Cluverius, the attorney retained by the Board to advise them concerning the development of the landfill, testified through his deposition that it was common practice for the negotiations for the sale of real property to a county to be conducted privately. Because the district court could permissibly conclude that private negotiations did not constitute a departure from normal practice, whether or not the negotiations were private is irrelevant.
 
 
 17
 Similarly, the appellants did not present any evidence on the second and third issues that, even if true, such facts are relevant; no evidence was presented to the district court that such actions were a departure from normal procedure, as opposed to being merely desirable. As this is the case, it comes as no surprise that the district court did not comment on such facts in its findings.
 
 
 18
 Concerning the fourth issue, the appellants again urge that they put forth evidence impermissibly ignored by the district court. Appellants present four arguments concerning the landfill rezoning. First, they argue that although "landfills" are a permissible use in an Industrial ("I") district under the zoning ordinance, there is no mention of "regional landfills." This is a distinction without a difference. A 420 acre landfill does not vary in its environmental characteristics if the word "regional" is placed in front of it or not. Second, appellants argue that an "I" district must adjoin a primary road. As section 12-4 of the zoning law provides for an exception for county-owned landfills, this argument fails. Third, appellants contend that the landfill would not meet the intent of an "I" district as it is an activity that creates significant amounts of smoke, noise, odor, dust, or other potential public nuisance. This argument fails both because a landfill is specifically enumerated in the zoning ordinance as an "I" district use in section 12-2(10), and because no evidence was presented that a properly operated landfill would present any of the problems asserted by the appellants. Finally, appellants argue that because the Board adopted section 12-4 of the zoning law during the negotiations to purchase the property for the landfill, the Board committed a procedural irregularity. This position has no merit. The district court was justified in not making findings of fact in the appellants' favor concerning rezoning because, given the arguments advanced by the appellants, such findings would not be material to the outcome of the case.
 
 
 19
 Regarding the fifth issue, the appellants produced no evidence of racial animus by any Board member that voted in favor of either the acquisition of the real property for the landfill or of the rezoning of the property. As the statements and actions of others are irrelevant when seeking the motivation of the Board in taking these actions, they did not merit comment by the district court. Moreover, only three of the five members of the Board voted to purchase the site-Bourne and Walton abstained. Of the three members who voted to purchase the site, two were black (Alsop and Hickman) and were leaders in the black community, especially in the area of civil rights.
 
 
 20
 Furthermore, the Board's action in 1986 in seeking to close a landfill in a predominantly white area, the King Land landfill, does not compel the finding of differential treatment on the basis of race. Compared to the tests conducted on the site that is the subject of this litigation, the district court found that no geotechnical tests were conducted at the King Land property. As the property was geologically unsuited to landfill use, the district court declared the King Land landfill, "an environmental disaster," R.I.S.E., 768 F. Supp. at 1149. The district court's decision not to make a finding that the differing treatment of the two sites was attributable to race is adequately supported by the record.
 
 IV
 
 21
 On one point, the appellants contest what they characterize as "the application of law" by the district court; in its conclusions of law, the district court stated that "plaintiffs have not provided any evidence that satisfies the remainder of the discriminatory purpose equation set forth in Arlington Heights," R.I.S.E., 768 F. Supp. at 1149. Appellants contend that this statement, combined with the further statement that review of the landfill purchase and authorization showed "nothing unusual or suspicious," id. at 1150, constitute a flawed application of law by the district court.
 
 
 22
 Despite the appellants' characterization of their argument, it is not the application of law to the facts that they contest. If this were the case, they would be entitled to de novo review. Rawl v. United States, 778 F.2d 1009, 1014 & n.9 (4th Cir. 1985), cert. denied, 479 U.S. 814 (1986). Instead, this argument is merely a continuation of the appellants' attack on the district court's findings of fact, although in this context they focus on the legal ramifications of the district court refusing to find particular facts in the appellants' favor. The appellants implicitly concede as much by stating that the sole standard of review in this case is the "clearly erroneous" standard. See Appellants' Brief at 2.
 
 
 23
 Therefore, this argument is essentially the same as appellants' earlier argument concerning "omissions." Although the appellants emphasize that the court failed to find "any" evidence of discriminatory purpose when they state the evidence that they presented, this focus is misplaced. The district court stated that it did not find any evidence that satisfies the standard, which takes into account the evidence that was presented and factors such as weight and relevance. In light of these considerations, our review of the record supports the district court's findings of fact.
 
 V
 
 24
 Because there is sufficient evidence in the record to support the determinations of the district court, the appellants appeal on the basis of clearly erroneous findings of fact is not well-taken. Accordingly, we affirm the decision of the trial court.
 
 AFFIRMED