PERCY T. MANN *vs*. TOWN OF SCITUATE.

Plymouth.    March 23, 1927. — July 11, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Evidence*, Opinion: expert.  *Witness*, Expert.  *Damages*, For property taken or damaged under statutory authority.

At the trial of a petition against a town for the assessment of damages due to the taking by the respondent under G. L. c. 82, § 38, of land of the petitioner for a gravel pit, it was proper to exclude testimony of witnesses, offered as experts on the value of the land, neither of whom was familiar with values of land in the vicinity of that taken or had bought or sold or had owned or informed himself with regard to sales of similar land in the vicinity, and where the question put to the witnesses did not contain, as elements to be considered in the opinion desired, reference to sales or real estate values of land in the vicinity.

Upon a petition for assessment of damages due to the taking of land by a town for a gravel pit under G. L. c. 82, § 38, the petitioner is not entitled to recover the value of his land considered solely as a gravel pit, but is entitled to recover its fair market value after all elements tending to show such value have been considered.

PETITION, filed in the Superior Court on January 18, 1926, for the assessment of damages due to the taking by the respondent under G. L. c. 82, § 38, of land of the petitioner for a gravel pit.

In the Superior Court, the action was tried before *Dubuque*, J.  Material evidence and exceptions by the petitioner are stated in the opinion.  There was a verdict for the petitioner in the sum of $4,690.59.  The petitioner alleged exceptions.

The case was submitted on briefs.

*C. E. Fay & M. A. Shattuck*, for the petitioner.

*F. Ranney*, for the respondent.

WAIT, J.  The only question presented on this bill of exceptions is, whether there was error in excluding the testimony of three witnesses, qualified as experts of the value of land of the petitioner taken by the respondent for a sand and gravel pit under G. L. c. 82, § 38.  Neither witness was familiar with real estate values of land in the vicinity of that taken.  Neither had bought or sold, nor had owned or informed himself with regard to sales of similar land in the vicinity.  Nor did the question put to either contain, as elements to be considered in the opinion desired, reference to sales or real estate values of land in the vicinity.

The petitioner contends that their opinion of the value for the special purpose of a sand and gravel pit should have been admitted, even if "admittedly superior kind of evidence, namely, the prices of similar land in the vicinity within recent times, with which prices the witness is not familiar," was available.

The contention is not sustained by the cases cited to support it.  *Hills* v. *Home Ins. Co.* 129 Mass. 345, related to the value of buildings destroyed by fire.  *Pierce* v. *Boston,* 164 Mass. 92, and *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, contain other elements which distinguish them.  In the last mentioned case the court noted specifically that the evidence admitted related only to the value of buildings.

The law is settled to the contrary.  *Sargent* v. *Merrimac,* 196 Mass. 171.  *Lakeside Manuf. Co.* v. *Worcester,* 183 Mass. 552.  In *Cochrane* v. *Commonwealth,* 175 Mass. 299, *Conness* v. *Commonwealth,* 184 Mass. 541, *Klous* v. *Commonwealth,* 188 Mass. 149, the court refused to sustain exceptions where the trial judge in the exercise of his discretion had admitted similar testimony; but indicated clearly that rulings excluding the testimony would have shown a wiser exercise of discretion.  In the case before us, the judge excluded the evidence.  No decision is called to our attention which holds such a ruling to be error.  On the contrary, in every case where evidence from an expert ignorant of real estate values in the vicinity has been admitted, there has been other evidence also before the jury from which,

where appropriate but not exclusive weight had been given to the expert's opinion, the fair market value of the land taken could be obtained.

What this petitioner has sought to do is to introduce evidence of a single one of the many elements to be considered in proving fair market value, and to stop short, leaving the jury without other evidence except such as they obtained from the view. In effect he sought to recover the value of his land as a sand and gravel pit, rather than to prove its value as a piece of real estate in Scituate taken from him by the town. The judge was right in refusing to permit him to succeed.

*Exceptions overruled.*