## O'DONNELL et al. v. UNITED STATES.
### No. 12270.

Circuit Court of Appeals, Eighth Circuit.

Dec. 11, 1942.

Maurice P. Phillips, of St. Louis, Mo. (Harry Richards, of St. Louis, Mo., on the brief), for appellants.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Norman M. Littel, Asst. Atty. Gen., and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

GARDNER, Circuit Judge.

This is a proceeding in condemnation brought by the United States for the purpose of condemning certain real estate belonging to Elizabeth J. O'Donnell and Edmund A. O'Donnell by virtue of the Historic Sites, Buildings and Antiquities Act, 16 U.S.C.A. § 461 et seq. The proceeding was commenced July 12, 1937. A declaration of taking was filed by the Government on June 15, 1939, and on that date a judgment on the declaration of taking was entered vesting fee simple title in the United States. In the declaration filed the Assistant Secretary of the Interior estimated

the sum of $35,125.00 as just compensation for the property taken and upon payment of that amount into Court the Government took possession of the property. Appellants filed exceptions to the commissioners' report fixing the just compensation and upon trial of the exceptions to the commissioners' award the jury returned a verdict in favor of appellants in the amount of $37,900.00, upon which judgment was entered. The parties will be referred to as they appeared in the trial court.

Defendants seek reversal of the judgment on substantially the following grounds: (1) The court erred in refusing to allow the appellants-defendants to introduce in evidence the declaration of taking of the Secretary of the Interior of the United States as an admission against interest; (2) the verdict of $37,900.00 returned by the jury at the trial of said cause was grossly inadequate and opposed to the weight of the evidence.

Defendants assumed the burden of proof as to the only issue submitted to the jury, the value of the property taken. They called five expert witnesses who fixed the value at $75,000.00, $70,000.00, $60,113.00, $60,000.00 and $70,000.00 respectively. The Government then called five expert witnesses who fixed the value at $28,113.00, $30,000.00, $27,500.00, $27,500.00 and $27,000.00 to $29,000.00, respectively.

On rebuttal defendants called one witness who testified briefly as to matters not here pertinent. At the conclusion of testimony by witnesses the following proceedings were had:

"Mr. Richards: I would like at this time to make an offer of proof of the Government's deposit in court for the use of this property owner in the sum of $35,125.00.

"The Court: For what purpose, Mr. Richards?

"Mr. Richards: As an admission by the Government of fair market value.

"Mr. Cooper: To which we object because it is not an admission—it is required to be made.

"The Court: The same question has been in other cases.

"Mr. Richards: As in this, too, yes.

"The Court: And is offered, as I understand it, in the nature of an estoppel, that the Government has, by making a deposit, through the agency making it, asserted the value to be the amount of the deposit.

"Mr. Phillips: And as an admission against interest.

"Mr. Richards: Not less than that.

"The Court: And not less than that. It has been my conclusion, as expressed in other cases, that the agency could not estop the Government asserting here what it understands the fair market value to be in this case. For that reason the objection is sustained to the offer.

"Mr. Phillips: Just so the record may be clear on it, let that original offer now stand as an offer of proof.

"The Court: Certainly, yes."

It is now urged that the Court erred in not allowing defendants to introduce in evidence the declaration of taking, but it is observed that the declaration of taking was not identified as such nor referred to in the offer of proof. In other words, the declaration was not offered but the defendants offered. to prove that the Government had deposited in court for the use of the defendants the sum of $35,125.00. The question which is here argued was therefore not presented to the lower court and cannot now be reviewed by us. It is noted that the court stated that it was its understanding that the offer was made to prove an estoppel. Counsel in reply to this said: "and an admission against interest". If admissible it was certainly not an estoppel and the offer was not limited to its proof as an admission against interest. The ruling of the court as it was announced at the time was based on the theory that the offer was "in the nature of an estoppel". If this was not the theory upon which it was offered it was incumbent upon counsel at the time to bring the matter sharply to the attention of the court. But instead counsel in effect said: "Yes, it is offered as an estoppel and as an admission against interest."

We have held that even the declaration was not a judicial admission and, hence, not an estoppel. Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892. The mere offer of proof that the Government had deposited this money "for the use of this property owner" without any reference to the declaration accompanying the deposit was meaningless and would simply have been confusing to the jury. The offer was clearly not sufficient to raise the question which defendants now argue. If admissible this testimony would

884

have been an admission that the property taken had a value of $35,125.00. The jury, however, returned a verdict awarding the defendants the sum of $37,900.00 as just compensation for the property taken, a value in excess of the amount stated in the alleged admission. If, therefore, it should be conceded, which it is not, that the proffered testimony was admissible its exclusion could scarcely be said to have been prejudicial. It certainly did not tend to prove that the property was worth more than $35,125.00.

The erroneous exclusion of evidence is not a reversible error unless it is prejudicial to the substantial rights of the party offering it. We cannot see that the admission of this evidence would have benefited defendants. As has been noted defendants' witnesses placed the value of this property at figures ranging from $60,000.00 to $75,000.00. This proffered admission would be evidence of a value much less than that fixed by defendants' witnesses and substantially less than that determined by the jury. Rejection of the evidence was, therefore, not in any event prejudicial.

It is next contended that the verdict returned was grossly inadequate and opposed to the weight of the evidence. The only issue for determination was the amount of compensation due the defendants, and this was dependent upon the value of the property taken. Counsel for defendants ingeniously argue that this proceeding is not a common law action and, hence, on appeal we are not limited to a mere examination of the alleged errors at law that may have been committed by the trial court. We do not deem it necessary to consider the argument in this regard because the record is such that if we were reviewing the facts we could not say that the verdict is grossly inadequate. The jury after hearing all the facts and observing the witnesses who appeared and testified before it, fixed the value at $37,-900.00, and it appears that the court which also heard all of the evidence and observed the witnesses who testified, refused to grant a new trial. By whatever rules we should be governed there would seem to be no basis for holding that the amount fixed by the jury as just compensation is grossly inadequate.

The judgment appealed from is, therefore, affirmed.