**REDMAN et al. v. UNITED STATES.**

No. 5036.

Circuit Court of Appeals, Fourth Circuit.

May 27, 1943.

---

204

and Vernon L. Wilkinson, Atty., Department of Justice, of Washington, D. C., on the brief), for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

NORTHCOTT, Circuit Judge.

In January, 1942, the appellee, United States of America, herein referred to as the Government, filed a petition in the District Court of the United States for the District of Maryland, at Baltimore, for the condemnation of certain waterfront property on Key Highway in the City of Baltimore, Maryland. With the petition a declaration of taking was filed and the usual orders were made declaring that the Government had obtained title and the right to possession as of the date of the filing of the petition.

The Government proceeded under 40 U.S.C.A. §§ 257, 258a to 258e. The property sought to be taken consisted of two marine railways and a ship repair plant and was owned by appellants J. Clarence Redman, William B. Vane and W. Carroll Redman, co-partners, trading as Redman-Vane Shipbuilding Company, who are here referred to as the appellants.

The sum of $125,000 said to be the estimated value of the property was paid into court and on March 2, 1942, the Government took possession. In June, 1942, a trial was had before a jury which resulted in a judgment in favor of the appellants for $164,979.31, of which amount $162,-766.84 was awarded to appellants and $2,-212.47 was awarded to the Mayor and City Council of Baltimore for 1942 taxes on the property. From this judgment this appeal was brought.

Two questions are raised on the appeal; the first being that the court erred in the rejection of the evidence of an expert offered on behalf of the appellants and also erred in the admission of the evidence of certain experts offered on behalf of the Government.

The second question is the contention of appellants that the trial court erred in the admission of evidence showing the application by appellants for reduction of assessment on the property here sought to be condemned and in permitting the cross-examination of one of the appellants, W. Carroll Redman, as to an affidavit made by him with regard to the value of the property at the time of the application for the

John H. Skeen, of Baltimore, Md. (Beeuwkes, Skeen, Oppenheimer, & Frank, of Baltimore, Md., on the brief), for appellants.

Samuel Billingsley Hill, Jr., Sp. Atty., Department of Justice, of Washington, D. C. (Norman M. Littell, Asst. Atty. Gen., Wilmer H. Driver, Sp. Asst. to Atty. Gen.,

reduction of the assessed valuation in the year 1938.

The partnership bought the property in October, 1917, and thereafter continuously carried on the business of ship repairs and manufacture of steering wheels, flagpoles, masts, and other similar parts for vessels until the United States took possession. W. Carroll Redman had been acting manager of the business for eight or ten years, the two other partners not being active.

The business was moderately successful, having averaged a profit of $18,000 a year for the past twelve years according to the income tax returns. The firm went out of business because of the taking of the property.

The land was located on the inner harbor of Baltimore City, and had a frontage on Key Highway of 257 feet 5 inches extending into the harbor, with a frontage on the pierhead or bulkhead line of 266 feet, and had an area, including fast land and land under water, of approximately 160,-000 square feet. There were on the property two marine railways: One of 1,100 tons lifting capacity and the other of 325 tons lifting capacity and both were in working condition. The appellants' property was also improved with other suitable buildings and machinery, in addition to that which operated the marine railways.

█ It is a well settled principle that it is a constitutional right of a property owner to receive just compensation for his property appropriated by the sovereign. Monongahela Navigating Company v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463; Olson v. United States, 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236.

█ At the trial appellants offered one Schilpp as an expert witness on the value of the property and the court sustained the objection made by the Government to a part of his evidence on the ground that the proper foundation had not been laid at that time to permit the witness to give his opinion. In sustaining the objection the court stated that if certain facts developed that would justify the admission of the opinion of the witness he could be recalled. To this ruling there was no exception nor was there any effort made to recall the witness at a later stage in the trial. Under this state of facts there was clearly no error in the ruling of the trial court as to the rejection of this evidence.

█ It is contended on behalf of appellants that the court erred in admitting the evidence of witnesses Commander Cahill, Sanford, and Dudley.

Commander Cahill, after two years in the College of Engineering at the University of Virginia, and some experience with the Seaboard Air Line, was employed in 1916 with the Interstate Commerce Commission, Bureau of Valuation, Engineering Section, and had been continuously employed there for twenty-six years until a month before the trial when he acquired his Naval title and is now an advisor in the Office of the Judge Advocate General. He had made a thorough investigation as to the value of the property taken and evidently was well qualified to testify as an expert. The objection urged on behalf of the appellants that, as a former employee of the Interstate Commerce Commission and a present employee of the Government, he would be biased is without weight as to the admissibility of his evidence but would only be circumstances to be considered by the jury weighing in his testimony. Witness Sanford also was an employee of the Interstate Commerce Commission of seventeen years' standing as a land appraiser, and was clearly competent to give an opinion as to the value of the real estate in question.

Witness Dudley, as to the admissibility of whose evidence objection was made, was employed as valuation engineer of the Bureau of Yards and Docks of the Navy Department, prior to which employment he also had been with the Interstate Commerce Commission and he was well qualified to testify as an expert.

█ As we said in the case of White v. State of Maryland, 4 cir., 106 F.2d 392, 397: "* * * Qualifications of a witness as an expert must be left largely to the discretion of the Trial Court and its rulings thereon will not be disturbed unless clearly erroneous. 22 C.J. 526; Congress & E. Spring Co. v. Edgar, 99 U.S. 645, 25 L.Ed. 487."

We recently had occasion to discuss the question of the admissibility of expert testimony as to values in the case of United States v. Wise, 131 F.2d 851, 852, where we held that "the admissibility of evidence of this character is largely governed by the peculiar circumstances of each case and rests to a great extent in the discretion of the trial judge".

Here the charge of the judge was clear, detailed, and fair and properly safeguarded the admission of the evidence and there was no error in the ruling of the court on these points. Other cases in which we have dealt with the admission of expert evidence are as follows: Guy v. Commissioner of Internal Revenue, 35 F.2d 139; United States v. Sauls, 65 F.2d 886; Lucas v. Swan, 67 F.2d 106; Prevette v. United States, 68 F.2d 112; Harris v. United States, 70 F.2d 889; Coca-Cola Bottling Company v. Munn, 99 F.2d 190.

We are of the opinion that not only did the trial judge not abuse his discretion in his various rulings but that they were correct and that his charge to the jury fairly covered all the points of law involved.

It is finally contended on behalf of the appellants that they were prejudiced by the court's ruling admitting in evidence an application, by the appellants sworn to by appellant W. Carroll Redman, for a reduction of the assessed value of the property in question in 1938. In the affidavit W. Carroll Redman gave as the value of the property at the time (1938) $45,000. The great weight of authority is to the effect that such evidence is admissible under proper instructions by the trial court as to the conditions surrounding the application for reduction in taxation. Baltimore City v. Himmel, 135 Md. 65, 107 A. 522; Rowell v. City of Lowell, 7 Gray 100, 73 Mass. 100, 66 Am.Dec. 464; St. Louis, O. H. & C. Ry. Co. v. Fowler, 142 Mo. 670, 44 S.W. 771; Gossage v. Philadelphia, B. & W. R. Co., 101 Md. 698, 61 A. 692; McCandless v. United States, 9 cir., 74 F.2d 596.

Here the court carefully instructed the jury as to the changed conditions existing between the years 1938 and 1942 that might have greatly increased the value of the property and certainly no harm was done the appellants by the ruling of the court and no error was committed either in the admission of the affidavit of W. Carroll Redman or in permitting his cross-examination as to it.

The trial was fairly conducted and the charge of the trial judge properly stated the law of the case. The jury arrived at a verdict supported by substantial evidence and in our opinion a just one.

The judgment is accordingly affirmed.

Affirmed.