**LOVE et al. v. UNITED STATES.**
No. 12751.

Circuit Court of Appeals, Eighth Circuit.

April 19, 1944.

Rehearing Denied May 15, 1944.

Sylvan Agatstein, of St. Louis, Mo., for appellants.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo. (Norman M. Littell, Asst. Atty. Gen., M. Walker Cooper, Sp. Asst. to the U. S. Atty., of Bloomfield, Mo., Drake Watson, Sp. Asst. to the U. S. Atty., of St. Louis, Mo., and Vernon L. Wilkinson and Mrs. Kelsey M. Mott, Attys., Department of Justice, both of Washington, D. C., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

Upon exceptions by both the United States and the landowners to the commissioners' report in a condemnation proceeding the disputed question of the value of the land taken was tried to a jury and the landowners appeal from the judgment entered upon the verdict.

The appellants seek reversal on three grounds, namely, (1) That the verdict was grossly inadequate; (2) that the court erred in admitting in evidence a deed dated December 13, 1933, conveying the land to appellants' grantor; and (3) that the court erred in excluding the opinion testimony of two witnesses.

■ Under the Fifth Amendment a property owner is entitled to receive just compensation for property appropriated by the sovereign. Olson v. United States. 292 U.S. 246, 54 S.Ct. 704, 78 L.Ed. 1236; Monongahela Nav. Co. v. United States, 148 U.S. 312, 13 S.Ct. 622, 37 L.Ed. 463; Redman v. United States, 4 Cir., 136 F.2d 203, 205. Just compensation is the market value of the property at the time of taking. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55. It may be more or less than the investment. Olson v. United States, supra; United States ex rel. T.V.A. v. Powelson, 319 U.S. 266, 285, 63 S.Ct. 1047, 87 L.Ed. 1390.

Upon the trial the appellants assumed the burden of proof and offered evidence showing that the owner paid $15,750 for the premises in 1938, and that at the time of taking in 1940 the value of the land was $15,000. Four government witnesses testified to values of $6,500, $7,000, $8,000, and $9,000 respectively. The verdict was for $9,000.

■ Clearly the verdict was within the scope of the testimony. It can not be said, therefore, that it is not supported by substantial evidence. The record also discloses that the judge who heard all the testimony refused to grant a new trial. It is the law in the federal courts that verdicts based upon substantial evidence are conclusive of the facts on appeal. Under these circumstances we know of no rule which would authorize this court to hold that the verdict is inadequate and to reverse the judgment for that reason. Herencia v. Guzman, 219 U.S. 44, 31 S.Ct. 135, 55 L.Ed. 81; Ramming Real Estate Co. v. United States, 8 Cir., 122 F.2d 892, 895; O'Donnell v. United States, 8 Cir., 131 F.2d 882, 884.

The admission in evidence of the 1933 deed is objected to for the reason that it disclosed that the consideration paid for the land in 1933 was only $4,000, which appellants say is irrelevant to the issue of market value because too remote in time. The objection fails for two reasons. First, the admissibility of the deed evidencing a purchase of the property 7 years before the date of taking was a matter within the discretion of the trial judge, United States v. Becktold Co., 8 Cir., 129 F.2d 473, 479; and, second, assuming that its admission was a technical error, the error was without prejudice because the contents of the deed including the consideration shown had been admitted in evidence without objection. Western Coal & Mining Co. v. Greeson, 8 Cir., 284 F. 510, 512; Puget Sound Power & Light Co. v. City of Puyallup, 9 Cir., 51 F.2d 688, 696.

The important question on this appeal is whether the court erred in excluding the opinion testimony of two of appellants' witnesses on value.

The land condemned and taken by the government comprises 199.6 acres situated on the north side of the Missouri river in St. Charles county, Missouri. From 40 to 50 per cent. of the land had been cleared and cultivated. The remainder of the tract was hilly and rolling land covered with timber. In 1940, at the time of the taking there existed on the premises an eleven-room log and frame dwelling house, some old outbuildings, fences, and an orchard. The buildings and the fences were all removed by the government. There was evidence, also, that the tract had value for estate purposes because of its accessibility to St. Louis and St. Louis county, Missouri. In September, 1937, the Daniel Boone Bridge had been constructed across the Missouri river, the northern end of which was about three miles from the land here involved. A concrete highway runs from the bridge through St. Louis county and into the city of St. Louis.

Appellants offered to prove by witness Andrew S. Love that in his opinion the value of the property was $18,000 and by witness H. P. Kerth that it was worth $16,000. The testimony was excluded on the ground urged by the government that the witnesses were not shown to be qualified to testify to an opinion on the value of the particular tract of land.

Whether a witness is qualified to express an opinion on the value of realty is a preliminary question for the trial judge, the determination of which is within his discretion; and his decision is conclusive unless there has been an abuse of discretion or a clear error of law. Montana R. Co. v. Warren, 137 U.S. 348, 353, 11 S.Ct. 96, 34 L.Ed. 681; Union Trust Co. v. Woodrow Mfg. Co., 8 Cir., 63 F.2d 602, 607; Clarke v. Hot Springs Electric Light & Power Co., 10 Cir., 55 F.2d 612, 615; Redman v. United States, 4 Cir., 136 F.2d 203, 205. Compare Stillwell & Bierce Mfg. Co. v. Phelps, 130 U.S. 520, 527, 9 S.Ct. 601, 32 L.Ed. 1035; Inland & Seaboard Coasting Co. v. Tolson, 139 U.S. 551, 559, 11 S.Ct. 653, 35 L.Ed. 270, 20 Amer.Jur., Evidence, § 786.

To be qualified to testify to the value of real property a witness must know the property to be valued and the value of comparable property, or property of the same class, in the vicinity. Welch v. Tennessee Valley Authority, 6 Cir., 108 F.2d 95, 101; 32 C.J.S., Evidence, § 545. In condemnation proceedings the value must be determined as of the time of taking and the testimony must relate to that date. United States v. Miller, 317 U.S. 369, 374, 63 S.Ct. 276, 87 L.Ed. 336, 147 A.L.R. 55; Olson v. United States, 292 U.S. 246, 255, 54 S.Ct. 704, 78 L.Ed. 1236; Jacobs v. United States, 290 U.S. 13, 17, 54 S.Ct. 26, 78 L.Ed. 142, 96 A.L.R. 1; Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, 43 S.Ct. 354, 67 L.Ed. 664.

Applying these tests to the qualifications of the witnesses Love and Kerth as shown by the record, we can not say that the court abused its discretion in excluding their opinions on the value of the premises. Both witnesses lived in St. Louis county, Missouri, while the land to be valued is situated in St. Charles county. Love is engaged in the real estate mortgage business and Kerth is a banker. Both are familiar with values in the vicinity where they live. Neither of them had ever seen the land in question until after it had been taken by the government and the buildings and fences had been removed. Neither of them had bought or sold land in the vicinity. Love had attempted to acquaint himself with the selling price of properties in the general neighborhood between 1935 and 1940 by examining the books in the county recorder's office with reference to the consideration expressed in deeds and the revenue stamps attached; but he had not examined the particular properties referred to in the deeds for the purpose of comparing the farms conveyed by the deeds with the property involved in this case.

Kerth testified that he was familiar with land values in the vicinity through having made, loans on river bottom lands a few miles away on the other side of the Missouri river and by means of inquiries. He had made an offer to buy a piece of land in St. Charles county which offer was rejected. Neither witness testified to any knowledge of the income received from the land in the past nor its capability of producing income as farm land. Both expressed the view that after the building of the Daniel Boone Bridge across the Missouri river three or four miles away the land had an added value for estate purposes.

There is no exact rule as to the amount of knowledge a witness must possess in order to be permitted to testify as to the value of land. If it is shown that he knows the land and its surroundings, and that he has an opinion based upon something more than conjecture as to its value, he may be permitted to state his opinion. "After a witness has testified that he knows the property and its value, he may be called upon to state such value. The means and extent of his information, and therefore the worth of his opinion, may be developed at length on cross-examination." Montana R. Co. v. Warren, 137 U.S. 348, 354, 11 S.Ct. 96, 98, 34 L.Ed. 681. We can not say, however, that either Love or Kerth was shown to have such knowledge of the land in suit and its surroundings, or of its value or of the value of comparable lands in the vicinity, as to establish his qualifications as a matter of law. Neither can we say that the trial judge abused his discretion in excluding the opinions of these witnesses as to the value of the land at the time of the taking in 1940. That the trial judge might have admitted their opinions or that we might think he should have admitted them, does not demonstrate that he was without discretion to exclude them. Compare Morton Butler Timber Co. v. United States, 6 Cir., 91 F.2d 884, 889; Atlantic Coast Line R. Co. v. United States, 5 Cir., 132 F.2d 959, 963; Mann v. Town of Scituate, 260 Mass. 592, 157 N.E. 656; New York, etc., Min. Syndicate & Co. v. Fraser, 130 U.S. 611, 620, 9 S.Ct. 665, 32 L.Ed. 1031.

Since we find no reversible error in the record, the judgment appealed from is affirmed.

RIDDICK, Circuit Judge (dissenting).

I think the majority opinion correctly states, but, under the facts in this case, incorrectly applies the rule concerning the discretion of the trial judge in the reception or rejection of evidence of value.

It is true that the witnesses whose evidence was rejected were not informed as to the value of land for agricultural purposes in the vicinity in which this land was located. However, they were not offered to testify to that value, but to a special value of the land for suburban residence and recreation. This value was recently acquired, due to the construction of modern highways and bridges, which made the land readily accessible from the City of St. Louis. Past sales of the land for other purposes had little bearing on the question of a value only lately created; the character of the soil, the presence or absence of farm fences, dilapidated buildings and abandoned orchards, even less. The controlling factors were the distance of the land from St. Louis, the means available for easy transportation to and from St. Louis, and the demand existing in St. Louis for lands similarly situated and of comparative suitability for suburban homes and estates. In these matters these witnesses had long experience and the requisite knowledge. I would reverse.