**Geoffrey S. GARSTIN and Ann N. Garstin**

v.

**The UNITED STATES.**

No. 77-62.

United States Court of Claims.
Nov. 12, 1965.

---

Joseph H. Geoghegan, Wilmington, Del., for plaintiffs. Converse Murdoch, Wilmington, Del., of counsel.

Mason C. Lewis, Alexandria, Va., with whom was Richard M. Roberts, Acting Asst. Atty. Gen., for defendant. C. Moxley Featherston, Lyle M. Turner, Philip R. Miller, and Conrad T. Hubner, Jr., Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM:

In this action to recover Federal income taxes paid by plaintiffs for the calendar year 1957, the principal issue is the proper tax basis which should be used in computing the long term capital gain realized from the sale by plaintiffs of 6 acres of land in 1957. On August 25, 1943, plaintiff Ann Nields Garstin inherited from her father 30.49 acres of real estate in New Castle County, Delaware. In 1957, plaintiffs sold 6 unimproved acres out of the parcel and in their income tax return for that year reported the adjusted basis of such land as $15,000. Upon an audit of the return, the Internal Revenue Service assessed a deficiency because of adjustments made in five separate items on the return. In proceedings before our trial commissioner, plaintiffs have acquiesced in the adjustments made with respect to four of the items, but the action of the Commissioner of Internal Revenue in decreasing the reported basis of the real estate sold from $15,000 to $2,865.80 is contested by plaintiffs and the issue was tried on the merits.

At the threshold, we are met with defendant's contention that the trial commissioner applied an erroneous standard of law in ruling that defendant's witness was not qualified as an expert to express an opinion as to the fair market value of the real estate. Generally, a preliminary ruling as to the qualifications of a witness to testify as an expert is discretionary with the trial judge and is conclusive unless clearly shown to be erroneous as a matter of law. 20 Am.Jur., Evidence, § 786, p. 659–60; II Wigmore on Evidence, 3rd ed., § 561, p. 641, et seq.; Stillwell and Bierce Manufacturing Company v. Phelps, 130 U.S. 520, 9 S.Ct. 601, 32 L.Ed. 1035 (1889).

The record shows that the expert witness tendered by defendant had not seen the subject property until 6 months after this suit was filed and more than 20 years after August 25, 1943, the relevant valuation date. He had never bought or sold any real estate in New Castle County, either for himself or as a broker for others. He had no personal familiarity with the value of such land or with the value of comparable land in the county in 1943. Although he made an appraisal of the 6 acres in September 1962, he had never previously appraised any real estate in the county or in the State of Delaware, except for some property located at Rehoboth Beach, situated in a different county and about 100 miles away from the subject property. The trial commissioner rejected the testimony of the witness but gave defendant an opportunity to present the testimony of another witness who could qualify as an expert. It declined to do so. In the light of this record, we find that defendant has not shown that the trial commissioner

applied an erroneous standard of law and we hold that he did not abuse his discretion in rejecting the proffered testimony. The commissioner might well have permitted the witness to testify and considered the witness' qualifications in determining the weight to be accorded his testimony. However, the commissioner's action is supported by decisions in analogous cases. In a recent tax case decided October 23, 1964, the same person, whose testimony was rejected by the trial commissioner, was offered as an expert witness on real estate values in Allegheny County, Pennsylvania. The court ruled that he was not qualified to express an opinion on the subject. Herbert G. Knoell, et al. v. United States, 236 F.Supp. 299 (D.C.W.D.Pa.1964). See also Love v. United States, 141 F.2d 981 (8th Cir. 1944); United States v. Johnson, 285 F.2d 35 (9th Cir. 1960), and United States v. 13,255.53 Acres of Land, et al., 158 F.2d 874 (3rd Cir. 1946).

As previously indicated, the principal question for decision is the fair market value of the real estate in issue as of August 25, 1943. After hearing the testimony of the witnesses and considering all the evidence presented, the commissioner found that the fair market value of such property on the pertinent date was $1,800 per acre or a total of $10,800. This was a finding upon a question of fact. Upon a review of the record, we conclude that the finding is adequately supported by the evidence and that defendant has not overcome the presumption accorded to the correctness of the finding under our Rule 66. Wilson v. United States, 151 Ct.Cl. 271 (1960), and Robert E. Davis v. United States, 164 Ct.Cl. 612 (1964). Therefore, we have adopted the commissioner's findings, and it follows that plaintiffs are entitled to recover on the ground that the proper tax basis for the real estate which is the subject of this action is $10,-800. Pursuant to Rule 47(c), the case is remanded to the trial commissioner for determination of the amount of recovery.