**Lois C. RILEY, individually, and as Executrix of the Estate of Luther Riley, Henry Lee Riley, Michael Ray Riley and Debra Riley, Plaintiffs,**

v.

**The DOW CHEMICAL CO., Solchem, Inc., Makhteshim Agan America, Velsicol Chemical Corp., Michigan Chemical Corp., Dr. Charles Hine, dba Hine Labs, Hine., Inc., Defendants.**

No. C–88–1358–WWS.

United States District Court, N.D. California.

Jan. 13, 1989.

Duane Miller, Miller & Rolfe, Sacramento, Cal., Duane Nelson, Damrell, Damrell & Nelson, Modesto, Cal., for plaintiffs.

Gennero A. Filice III, Hardin, Cook, Loper, Engel & Bergez, Oakland, Cal., Donald R. Schlotz, Armour, St. John, Wilcox, Goodin & Schlotz, San Francisco, Cal., for defendants.

## ORDER RE EXPERT WITNESSES

SCHWARZER, District Judge.

Plaintiffs have moved for an order (1) disqualifying Dr. Donald Whorton from testifying at trial as an expert for defendants on the ground that plaintiffs' counsel has previously consulted with him, and (2) to limit the number of experts at trial.

█ The motion to disqualify is based on a profound misconception of the applicable law. Work product is given a limited immunity from discovery in order to protect an attorney's trial preparation from disclosure to the opponent. Rather than being a privilege, it is simply a limitation on discovery governed by Fed.R.Civ.P. 26(b)(3). Since no showing has been made that de-

fendants are seeking discovery of any material arguably entitled to work product immunity, and they specifically deny that they are, there is no basis for an order.

■ Access to experts is governed, not by Fed.R.Civ.P. 26(b)(3), but by Fed.R. Civ.P. 26(b)(4). That section controls discovery directed at experts. Nothing in that section, however, limits the right of a party to call as its witness at trial a person who might have been consulted by the opponent. Plaintiffs have come forward with no facts to show that they retained Dr. Whorton, and he specifically denies having been retained by them and has no recollection of even discussing this action with plaintiffs' counsel. But even if he had consulted with plaintiffs, there is nothing before the Court to preclude defendants from consulting with or calling him at trial.

■ With respect to the request to limit the number of experts at trial, the Court has authority, articulated in Fed.R.Civ.P. 16(c)(4), to take action for the "avoidance of unnecessary proof and of cumulative evidence." The courts' inherent power to limit the number of experts at trial has long been recognized. See, *Ruud v. United States*, 256 F.2d 460 (9th Cir.), *cert. denied*, 358 U.S. 817, 79 S.Ct. 28, 3 L.Ed.2d 59 (1958) (*Ruud* was decided before the 1983 amendment of Rule 16 which eliminated the specific reference to limitation of experts but the general subject of limitation of proof is now encompassed by the global provision of Fed.R.Civ.P. 16(c)(4)). Accordingly, it is the usual practice of this Court, in the absence of extraordinary circumstances, to limit the parties to one expert for each distinct discipline, such as, respectively, epidemiology and oncology. The parties should be prepared for such an order at the pretrial conference.

With respect to discovery of experts, plaintiffs shall submit to defendants in advance of the taking of their experts' depositions and on a date to be agreed on or fixed by the Court, a full and complete statement (not a summary) of each expert witness' trial testimony, together with all supporting documentary materials intended to be used by him at trial. That statement will bind the expert and no new opinions or supporting testimony, or new expert witnesses, will be permitted at trial. Defendants will be entitled to depose these experts on their statements. Thereafter, on a date to be agreed on or fixed by the Court, defendants shall submit similar statements and materials of the experts they intend to call at trial and plaintiffs may depose them. They shall be equally bound to their statements at trial. No surprises will be permitted at trial, and therefore there will be no need for rebuttal experts.

Counsel are directed to meet forthwith and confer to arrive at a schedule for the above exchanges and depositions and for a pretrial conference and advise the Court.

Except as granted herein, plaintiffs' motion is denied.

IT IS SO ORDERED.