**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**10.48 ACRES OF LAND et al., and Lowell E. Ash, Defendants-Appellants.**

No. 78–1630.

United States Court of Appeals,
Ninth Circuit.

June 11, 1980.

Bernard J. Heavey, Jr., Seattle, Wash., on brief, for defendants-appellants, and argued for plaintiff-appellee.

Robert W. Frantz, Atty., U.S. Dept. of Justice, Washington, D.C., Marie Creson, Asst. Atty., Seattle, Wash., on brief, for United States.

Before CHOY and FERGUSON, Circuit Judges, and BARTELS,* District Judge.

FERGUSON, Circuit Judge:

Landowner Lowell Ash appeals from a jury verdict in an action brought by the United States to condemn a flowage easement. Ash argues that he is entitled to a new trial as the trial court improperly sustained the government's objections to admission into evidence of the price paid by a condemning authority for an easement in a comparable sale. Having concluded that the district court did not abuse its discretion in sustaining the government's objections, we affirm.

I.

The United States filed its complaint in condemnation on December 12, 1974 to acquire a permanent flowage easement over defendant's property, which was subject to a preexisting occasional flowage easement. At trial the government called James D. Eaton, a real estate appraiser, as an expert witness. Eaton testified as to the sale price in the sale he considered most comparable to the sale in this case. Defendant then attempted to question Eaton on the amount paid by the government for the permanent flowage easement in the comparable sale. Eaton responded that he did not know what

price the government had paid, and that the price paid by a condemning authority was not relevant to a determination of market value. The government objected to this line of questioning, arguing that the price paid for an easement in a comparable sale to a condemning authority is inadmissible to establish market value.

Appellant made an offer of proof by presenting the court with a certified copy of an easement deed from the United States government on the comparable sale showing the amount the government paid for the flowage easement. In sustaining the government's objection, the court took the matter under further consideration, admitting the easement deed for purposes of appeal only. The trial court did not reverse its decision to limit Eaton's cross-examination.

Eaton concluded that just compensation would be in the amount of $4000. The jury awarded $10,840 as just compensation.

II.

The price paid by a condemnor in settlement of condemnation proceedings or in anticipation of such proceedings is inadmissible to establish value of comparable land as "such payments are in the nature of compromise to avoid the expense and uncertainty of litigation and are not fair indications of market value." *Slattery Co. v. United States*, 231 F.2d 37, 41 (5th Cir. 1956). *Accord, United States v. 46,672.96 Acres of Land*, 521 F.2d 13 (10th Cir. 1975); *Transwestern Pipeline Co. v. O'Brien*, 418 F.2d 15 (5th Cir. 1969); *Evans v. United States*, 326 F.2d 827 (8th Cir. 1964); *United States v. Foster*, 131 F.2d 3 (8th Cir. 1942), *cert. denied*, 318 U.S. 767, 63 S.Ct. 760, 87 L.Ed. 1138 (1942). The only recognized exceptions to this rule are in cases of voluntary sale, *see Transwestern Pipeline Co. v. O'Brien, supra*, or where "the fact that parties were condemnor and condemnee either was not known or had no influence because

* The Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York, sitting by designation.

the sale was not in connection with, or in anticipation of, condemnation proceedings." *Slattery Co. v. United States, supra,* 231 F.2d at 41 (footnote omitted).

Appellant concedes that his offer of proof regarding the price paid by the condemning agency was inadmissible to establish value, but argues on appeal that he was entitled to cross-examine Eaton regarding this information for the purposes of testing Eaton's credibility as an expert witness. There is authority for defendant's contention that liberal cross-examination of expert witnesses should be allowed in land condemnation cases in order to enable the jury to weigh a witness's credibility. *See United States v. 25.02 Acres, Douglas County, Colorado,* 495 F.2d 1398, 1401 (10th Cir. 1974). Nonetheless, it is also recognized that the scope and extent of cross-examination of expert witnesses rests in the sound discretion of the trial court and "is not subject to exception unless wholly arbitrary, unreasonable and abusive, and the examination need not be extended to permit interrogation about collateral, immaterial or irrelevant matters." *Id.* at 1402. *Accord, United States v. 412.93 Acres, Carbon County, Pennsylvania,* 455 F.2d 1242, 1247 (3d Cir. 1972); *6816.5 Acres of Land v. United States,* 411 F.2d 834, 839 (10th Cir. 1969).

We cannot say that the trial court abused its discretion in limiting the scope of Eaton's cross-examination. In denying defendant's motion for a new trial, the trial judge concluded that the price paid by the condemning authority for the easement in the comparable sale was not relevant to the issues at trial, and reflected a possible compromise or settlement and was therefore not admissible to prove fair market value. The determination regarding the admissibility of the price paid by a condemning authority for the purpose of establishing value is well supported, as set forth above. The conclusion that that information was not relevant to the issues at trial cannot be considered arbitrary or unreasonable, especially in light of the fact that defendant appears to have argued below only that the

jury was entitled to this information in order to determine value, and not that it was necessary to test Eaton's credibility.

Assuming that the offer of proof was admissible to test Eaton's credibility as an expert witness, it was still within the discretion of the trial court to exclude this evidence if its probative value was substantially outweighed by the risk that its admission would confuse the issues or mislead the jury. *See United States v. 25.02 Acres of Land, Douglas County, Colorado, supra,* 495 F.2d at 1401. Because of the substantial danger in condemnation cases that the jury would consider evidence of the price paid by the condemning authority in a comparable sale on the issue of value, it was within the wide discretion allowed the trial judge to control the extent of cross-examination to limit inquiry into such information.

Defendant argues, finally, that under Fed.R.Evid. 705 the court had authority to require Eaton to testify with regard to the price paid by a condemnor in a comparable sale. Fed.R.Evid. 705 provides that while an expert may give his conclusions without the underlying facts, the expert may be required to disclose such facts. Defendant's argument is meritless as Eaton testified that he did not know what price had been paid for the flowage easement and had in no way relied on it in estimating the value of defendant's land. The price of the easement on the comparable sale was, therefore, not a fact underlying Eaton's testimony within the meaning of Rule 705.

### III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.