
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-15953 |
| Plaintiff - Appellee, | D.C. No. 4:09-cv-00488-AWT-DTF |
| v. | |
| 2.739 ACRES OF LAND, more or less, situated in the City of Nogales, County of Santa Cruz, State of Arizona, and HOLY CROSS HOSPITAL, INC., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Arizona
A. Wallace Tashima, Senior Circuit Judge, Presiding

Argued and Submitted June 11, 2015
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROTHSTEIN,[**] Senior
District Judge.

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

This is a matter in which Appellants contest the valuation of land being condemned by Appellee. The issues on appeal involve the district court judge's rulings on the admissibility of certain testimony and appropriateness of two proposed jury instructions.

**1.** The district court did not abuse its discretion in admitting the testimony of Philip Aries, a real estate broker but not an appraiser, as to the value of the subject property. Holy Cross' own real estate broker, Gabriel Gastelum, also testified as to the value of the property, and Aries' testimony was elicited as a response. Any issues with respect to Aries' qualifications thus apply to both parties' experts. *See United States v. 4.85 Acres of Land*, 546 F.3d 613, 617 (9th Cir. 2008) (requiring prejudice to reverse evidentiary rulings).

Judicial estoppel does not apply. The government's opposition brief promised that Aries would not testify as to the "value of the subject property in the before and after condition," and at the motion in limine hearing, the government promised that "Aries will not testify as to an ultimate opinion of value. He's not going to say that the property is worth a dollar a square foot or place some value on the property." Aries did not offer a before-and-after valuation at trial. Aries did assert a valuation of $1 per square foot, but he at first appeared to discuss only the approximately $1 per square foot price of a previous sale of Holy Cross property,

and he later applied this value to the subject property only in response to a question concerning Gastelum's $2 to $2.50 valuation. The government gained no unfair advantage from the $1 valuation, because the government had asserted, at the motion in limine hearing, that Aries' opinion was that the bulk of the land "isn't worth the cost of improvement" at all. *Cf. Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001). Aries' opinion that the hospital property was "basically useless" had previously been disclosed.

Any error that may have resulted from admission of Aries' undisclosed calculations supporting his opinion of the property's value was not prejudicial. Aries' opinion that the land was worthless was also supported by his statements regarding the difficulty of access to the subject property and potential Clean Water Act permitting issues associated with access.

**2.** The district court did not abuse its discretion in admitting Aries' testimony about the IHOP sale. That sale was not used as a comparable, and no prejudice would have resulted if it had, given its $12 per square foot sale price.

**3.** Holy Cross argues that testimony regarding Holy Cross' earlier sale to the Arizona Department of Transportation (ADOT) and ADOT's sale to the General Services Administration (GSA) should have been excluded because of the buyers' condemnation powers. However, it was not an abuse of discretion to admit

the sale to ADOT, because that sale was not used as a comparable and was instead offered to rebut testimony that Holy Cross was reluctant to sell its property. That sale was properly disclosed in a letter by Aries that Holy Cross attached to its motion to exclude Aries' testimony. It was also not an abuse of discretion to admit the sale to GSA, given the government's evidence that the sale had been voluntary. *See United States v. 10.48 Acres of Land*, 621 F.2d 338, 339 (9th Cir. 1980).

**4.** The district court did not abuse its discretion in rejecting Holy Cross' proposed Jury Instructions Nos. 6 and 7. Holy Cross argues that the jury should have been instructed that Holy Cross' sale to ADOT and ADOT's sale to the GSA might have been impacted by condemnation blight. But the proposed instructions are not responsive to that concern, because they instruct the jury to consider the potential impact of condemnation only on the valuation of the subject property, not on that of comparable sales.

**5.** The district court did not abuse its discretion in allowing Jay Vance to calibrate his valuation by considering differences in development costs between the comparable and subject properties. *See United States v. 100 Acres of Land*, 468 F.2d 1261, 1266 (9th Cir. 1972) (allowing consideration of selling, advertising, development, and other expenses to ensure that comparable sales were indeed comparable). The district court also properly found that Vance had not double-

counted development costs, but had instead deducted $1 per square foot in addition to the previous reduction to account for the subject property's comparatively greater topography issues.

**AFFIRMED.**